IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISTINE PAVEY,

      Plaintiff,                         No. CIV S-09-3206 FCD DAD

    v.

MARRIOTT INTERNATIONAL,
INC., et al,                                <u>ORDER</u>

      Defendants.
_____/

      The parties have submitted a stipulation and proposed protective order that includes the following provision regarding documents submitted to the court for filing:

> 11. For applications and motions to the Court on which a party hereto submits Confidential Information or Highly Confidential Information–Attorneys Eyes Only, all documents and chambers copies containing such information which are submitted to the Court for filing shall be submitted in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the documents shall be attached. If such information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped or marked on the envelope and a statement substantially in the following form shall also be printed on the envelope:
>
>> This envelope is sealed pursuant to Order of the Court, contains Confidential Information or Highly Confidential Information–Attorneys Eyes Only and is not to be opened or the contents revealed, except

by Order of the Court or agreement by the relevant parties.

(Stipulation for Protective Order; [Proposed] Order, filed Mar. 23, 2010 (Doc. No. 10) ¶ 11.)

The parties' stipulation and proposed order permits any party to designate any information "Confidential Information" for any reason. (Id. ¶ 2.) Absent from the parties' proposed order is any provision requiring a party to obtain in advance of filing a court order that authorizes the filing under seal of a specific document or specific portions of a document. Instead, the proposed order requires the court to seal, on demand, entire documents containing any information deemed by any party to be confidential, based solely on the blanket provision contained in the proposed protective order.

All documents filed with the court are presumptively public.[1] See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in a case is subject to the discretion of the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

<mark>absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").</mark>

        A party's mere desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, a particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03.

        "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211. Accordingly, a stipulation or a motion for entry of a protective order must show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, must show why the need for protection should be addressed by court order as opposed to a private agreement between or among parties, and must describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

        Just as this court will not enter a discovery order or a protective order that enables the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed, the court will not approve an order giving blanket authority to the parties to designate what will be filed under seal. Similarly, the court will not approve an order that gives blanket authority to the parties to redact matters other than matters specified in Local Rule 39-140(a).

<mark>3</mark>

1       Here, the stipulated protective order proposed by the parties would give the parties blanket authority to file documents under seal. Request for entry of the protective order as proposed will be denied without prejudice to the submission of an amended stipulation for protective order and proposed order that cures this defect. The parties' amended stipulation for protective order and proposed order may, of course, provide that any party may file a motion for an order permitting the filing of specific confidential material under seal or a motion for authorization to redact confidential information not relevant to the purpose of the filing of the confidential material. See Local Rule 140(b).

      For the reasons set forth above, IT IS ORDERED that the parties' March 23, 2010 stipulation for protective order and proposed order (Doc. No. 10) is not approved as currently presented.

DATED: March 24, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\pavey3206.ord.spo