R. SCOTT ERLEWINE (State Bar No.095106)
FEATHER D. BARON (State Bar No. 252489)
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 35th Floor
San Francisco, California 94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC. and
MARRIOTT OWNERSHIP RESORTS, INC., dba
MARRIOTT VACATION CLUB INTERNATIONAL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINE PAVEY,<br><br>        Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., and<br>MARRIOTT OWNERSHIP RESORTS, INC<br>dba MARRIOTT VACATION CLUB<br>INTERNATIONAL and DOES 1 through 50,<br>inclusive,<br><br>        Defendants. | CASE NO. 2:09-cv-03206-FCD-DAD<br><br>**AMENDED STIPULATION FOR<br>PROTECTIVE ORDER; ORDER** |

The parties stipulate to a protective order in the following form:

1. This Protective Order ("Order") shall govern all documents, materials, deposition testimony, things, and any other information (collectively, "Information") produced or disclosed in the course of this litigation by any party.

2. Any party may designate any Information produced or disclosed in the course of this litigation as "Confidential Information" under the terms of this Order. A party may designate Information as "Confidential Information" for any reason, including, but not limited to, commercial sensitivity, the privacy concerns of third parties, or the privacy concerns of the producing party, and any Information so designated may not be disclosed to any non-party.

3. Any party may designate Information as "Highly Confidential Information—Attorneys Eyes Only" under the terms of this Order. "Highly Confidential Information—Attorneys Eyes Only" is Information which, according to a party, is of an unusually confidential or proprietary nature. "Highly Confidential Information—Attorneys Eyes Only" is Information which is only for the eyes of counsel, its legal assistants and its legal staff, as well as the Court, and shall not be disclosed to a party or to an officer, director, or employee of a party unless such disclosure is agreed to by all parties hereto in writing or ordered by the Court.

4. All Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall be used solely for the prosecution, defense, or settlement of this action and shall not be used for any other purpose. Any person receiving Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

5. The parties shall designate Confidential Information and Highly Confidential Information—Attorneys Eyes Only by, in the case of documents and other tangible things, marking such Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," respectively, at or prior to the time of production and in such a manner as not to interfere with the legibility of the document. Marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" on the cover of any multi-page documents shall designate all pages of the documents as Confidential Information or Highly Confidential Information—Attorneys Eyes Only, respectively, unless otherwise indicated.

6. Confidential Information produced or disclosed pursuant to this Order may be disclosed or made available only to counsel for a party (including paralegal, clerical and secretarial staff employed by such counsel); to judges, magistrates, law clerks and other personnel of the Court before which this action is pending (including stenographic reporters regularly employed by the Court); and to the following "qualified persons":

a. Any expert or consultant (including any employee of said expert or consultant) who is employed, retained, or otherwise consulted by a party to this Order, or its attorney (provided, however, that the expert or consultant must return all documents and copies

PHILLIPS, ERLEWINE
 & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

2

1  thereof to the party or attorney who retained the expert or consultant upon resolution of this
2  action or the end of the expert's engagement, whichever comes first);
3       b.    Stenographic reporters not regularly employed by the Court, who are
4  engaged in such proceedings as are necessary to conduct this action;
5       c.    Any party to this action, or any officer, director or employee of a party to
6  this action, to the extent deemed necessary by counsel for the prosecution or defense of this
7  litigation; and
8       d.    Deponents, to the extent deemed necessary by counsel for the prosecution
9  or defense of this litigation.

10    7. Prior to receiving any Confidential Information, a "qualified person" must first
11 complete a Confidentiality Agreement incorporating the terms of the model agreement attached
12 hereto as Exhibit A. Each original affidavit shall be held by counsel for the producing party, and
13 shall be subject to appropriate discovery.

14    8. Entering into, agreeing to and/or complying with the terms of this Order shall not:
15       a.    Prejudice in any way the right of any party to object to the production of
16 documents or Information it considers not subject to discovery, to seek from the Court, by
17 application to the judge assigned to discovery issues, a determination whether particular
18 designated material should be produced, or to contest whether Information designated
19 Confidential Information and Highly Confidential Information—Attorneys Eyes Only has been
20 misdesignated;
21       b.    Prejudice in any way the right of any party to apply to the Court to modify
22 the terms of this Order or to move the Court for a further protective order;
23       c.    Prejudice in any way the right of any party to use, or object to the use of,
24 any designated material at any hearing or at trial of the action; or
25       d.    Affect the obligations of any party or person to comply with the terms of
26 any compulsory process.
27 /////
28 /////

PHILLIPS, ERLEWINE
 & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

3

9. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

10. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

11. A party may not file in the public record in this action any Confidential Information or Highly Confidential Information—Attorneys Eyes Only information without written permission from the designating party or a court order secured after appropriate notice to all interested persons. A party that seeks to file Confidential Information or Highly Confidential Information—Attorneys Eyes Only information under seal must first file a request to seal pursuant to Local Rule 141(b).

12. Any discovery material to be treated as Confidential Information by reason of this Order may be made an exhibit or referred to at any deposition herein, but the portion of the transcript which refers to any such Confidential Information, or the entirety of the transcript, shall be treated as Confidential Information or Highly Confidential Information—Attorneys Eyes Only.

13. Any party may object to the designation of particular Information as "Confidential Information" or "Highly Confidential Information—Attorneys Eyes Only" by giving written notice to the producing party and to all other parties. Such notice shall identify with specificity the Information to which the objection is directed and the basis of the objection. If any party challenges a designation of Information as Confidential Information or Highly Confidential Information—Attorneys Eyes Only and such dispute cannot be resolved by the parties within seven (7) business days of receipt of such notice, the objecting party may file a motion with the Court for a ruling that certain Information designated as Confidential Information or Highly Confidential Information—Attorneys Eyes Only is not entitled to confidential treatment under this Order. The confidential status of the Information at issue shall be maintained pending the Court's ruling on the motion.

/////

PHILLIPS, ERLEWINE
 & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

4

14. All provisions of this Order restricting the communication and use of Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall continue to be binding at the conclusion of this action unless otherwise agreed or ordered. All documents designated Confidential Information or Highly Confidential Information—Attorneys Eyes Only and produced in this action—together with all copies, notes, or other transcriptions made therefrom—shall be returned to the producing party within sixty (60) days of the conclusion of this action. Notwithstanding the immediately preceding sentence, documents which contain communications or information protected by a privilege or by the work-product doctrine may be retained by the possessing party but shall be maintained as Confidential Information or Highly Confidential Information—Attorneys Eyes Only, shall be subject to the applicable prohibitions against disclosure and shall be prominently marked, or be stored in an envelope or other container prominently marked, with a legend identical or substantially similar to "Do not disclose. Subject to Confidentiality Order."

IT IS SO STIPULATED

DATED: May 4, 2010                           PHILLIPS, ERLEWINE & GIVEN LLP

                                             By:      /s/
                                                 R. Scott Erlewine
                                                 Attorneys for Defendants

DATED: April 29, 2010                        LAW OFFICES OF BOWMAN & ASSOCIATES


                                             By:      /s/
                                                 Tobin Dietrich
                                                 Attorneys for Plaintiff

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

5

1 <u>ORDER</u>

2      PURSUANT TO STIPULATION, IT IS SO ORDERED.

3 DATED: May 4, 2010.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

7 Ddad1/orders.civil/pavey3206.amprotord.stipord

PHILLIPS, ERLEWINE
 & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

6

**EXHIBIT A**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Cristine Pavey v. Marriott International, Inc. et al.,* Case No. 2:09-cv-03206-FCE-DAD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
       [printed name]
Signature: _____
       [signature]

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

AMENDED STIPULATED PROTECTIVE ORDER   CASE NO. 2:09-cv-03206-FCD-DAD
G:\DOCS\DAD\DDAD1\ORDERS.CIVIL\pavey3206.amprotord.stipord.wpd

7