IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISTINE PAVEY,

        Plaintiff,                    No. 2:09-CV-3206 FCD DAD PS

      v.

MARRIOTT INTERNATIONAL,
INC., et al.,

        Defendants.            ORDER RE CASE MANAGEMENT
_____/

        On July 27, 2010, the assigned district judge granted counsel's motion to withdraw as counsel of record on behalf of plaintiff. Plaintiff is therefore now proceeding pro se, and this case has been referred to the undersigned magistrate judge for case management pursuant to Local Rule 302(c)(21).

        Plaintiff is informed that an individual who is representing herself without an attorney must make required appearances personally and may not delegate that duty to any other individual. Local Rule 183(a).

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these [Local] Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

/////

1

Local Rule 183(a). A party appearing in propria persona is required to keep the court and all opposing parties advised as to his or her current address at all times. Local Rule 183(b).

Pro se parties are exempted from the requirement of electronic filing. Local Rules 133(b)(2) & 183(c). Plaintiff must file and serve all documents in paper format, and each document she submits for filing must include a proof of service showing that a complete copy of the document was mailed to defendants' counsel. Plaintiff must be conventionally served by defendants, and their electronically filed documents must include proof of conventional service on plaintiff. See Local Rule 135.

In accordance with Local Rule 302(c)(21), all motions filed in this case are to be noticed for hearing before the undersigned on a regularly scheduled law and motion calendar. Dispositive motions will be resolved by findings and recommendations submitted to the assigned district judge with any timely objections filed by the parties. See 28 U.S.C. § 636(b)(1)(B). The parties may obtain available hearing dates by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Any party, including a pro se party, may appear telephonically at a motion hearing before the undersigned. To arrange telephonic appearance, a party must call Pete Buzo no later than 48 hours prior to the motion hearing date. A land-line telephone number must be provided.

Final Pretrial Conference set for July 1, 2011, at 1:30 p.m., will be conducted by the undersigned in Courtroom 27. The word processing version of the parties' Joint Final Pretrial Conference Statement shall be submitted to dadorders@caed.uscourts.gov.

Except as provided in this order, the Status (Pretrial Scheduling) Order filed in this case on February 4, 2010 (Doc. No. 9) remains in full effect.

IT IS SO ORDERED.

DATED: August 4, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\pavey3206.ref.info.ord